IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LEANDER WOODHULL, <br><br> Defendant. | 8:19CR96 <br><br> **ORDER** |

This matter is before the Court on the Motion for Brady and Other Evidence, and Request for Hearing (Filing No. 28) filed by Defendant, Leander Woodhull. Defendant filed a brief (Filing No. 29) in support of the motion and the government filed a brief (Filing No. 31) in opposition. The Court will grant the motion, in part.

On March 19, 2019, Defendant was charged in a single-count Indictment with engaging in a sexual act with a person under the age of 12, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), and 1153(a). (Filing No. 1). The Court entered a progression order setting April 2, 2019, as the deadline for counsel to produce discovery pursuant to Federal Rule of Criminal Procedure 16, and directed counsel to adhere to the continuing duty to disclose discovery. (Filing No. 13 at p. 1). Although the government has produced discovery, Defendant seeks an order compelling the government to provide additional documents as enumerated in his motion.

As an initial matter, Defendant's motion fails to set forth the statement required by NECrimR 12.3(b)(3).[1] Moreover, the government represents it has already provided most of the discovery requested by Defendant, which moots many of Defendant's requests. (See Filing No. 31 regarding Request Nos. 4, 6, 7, 9, 10-15). The government acknowledges its continuing duty to provide discovery. (See Filing No. 31 regarding Request Nos. 16-17). The government further acknowledges its constitutional obligation to provide exculpatory evidence pursuant to *Brady* and impeachment evidence pursuant to *Giglio*. (See Filing No. 31 regarding Request No. 5). The

---

[1] This rule provides, "A motion seeking discovery or disclosure of evidence must include a statement verifying that (A) the moving party's attorney conferred with the opposing attorney in person or by telephone in a good-faith effort to resolve the issues raised in the motion and (B) the parties were unable to reach an agreement. This showing must also state the date, time, and place of the communications and the names of all participating persons."

government has also agreed to allow Defendant to review any polygraph raw data material. (See Filing No. 31 regarding Request No. 8). Finally, the government has offered to submit to the Court for *in camera* review: 1) records of certain federal juvenile adjudications; 2) certain mental health and medical records; and 3) information identifying certain mental health providers. (See Filing No. 31 regarding Request Nos. 1-3). In the event the Court orders the government to produce any such materials to Defendant, the government requests that such disclosure be made subject to an appropriate protective order. Accordingly,

**IT IS ORDERED:**
1. Defendant's Motion for Brady and Other Evidence, and Request for Hearing (Filing No. 28) is granted, in part;
2. The government shall continue to produce discovery pursuant to Federal Rule of Criminal Procedure 16 and in accordance with its constitutional obligations concerning exculpatory and impeachment evidence;
3. Counsel shall meet and confer regarding any documents to be submitted for the Court's *in camera* review and the submission of an agreed upon protective order for the Court's consideration; and
4. Defendant's motion is otherwise denied.

Dated this 31st day of May, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge